**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **ROBERT GREENLAW**,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**PREMIUM ASSET SERVICES LLC**<br>c/o Luis Vasquez, agent<br>1820 E. Garry Ave, Ste. 107<br>Santa Ana CA 92705,<br><br>and<br><br>**PLATINUM HOLDINGS GROUP LLC**<br>c/o Luis Vasquez, agent<br>1820 E. Garry Ave, Ste. 107<br>Santa Ana CA 92705,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br><br>JUDGE:<br><br>Mag. Judge:<br><br><br>**COMPLAINT WITH JURY DEMAND** |

* * *

### I.  Jurisdiction

1.  Jurisdiction is conferred on this court by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

### II.  Parties

2.  Plaintiff Robert Greenlaw ("Mr. Greenlaw") is a natural person residing in Henry County, Ohio.

3.  Defendant Premium Asset Services LLC ("Premium") is a limited liability company organized under the laws of the state of Nevada.  Upon information and belief: the principal purpose of Premium is the collection of debts using the mails and interstate telephone systems; Premium regularly attempts to collect debts alleged to be due another; Premium collects the debts of another as a matter of course.

4.  At all times relevant to this case, Premium was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

5.  Defendant Platinum Holdings Group LLC ("Platinum") is a limited liability company organized under the laws of the state of Nevada.  Upon information and belief: the principal purpose of Platinum is the collection of debts using the mails and interstate telephone systems; Platinum regularly attempts to collect debts which it allegedly acquires after default.

6.  At all times relevant to this case, Platinum was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

### III.  Factual Allegations

7.  Approximately in 2008, Mr. Greenlaw had obtained and used a personal credit card from HSBC for which the credit limit was approximately $200.  According to Defendants, Mr. Greenlaw did not pay this alleged debt and owed a balance (the "Alleged Debt").

8.  Upon information and belief, Platinum claims to have acquired the Alleged Debt after default.

9.  Upon information and belief, Premium is a third party debt collector that attempted to collect the Alleged Debt from Mr. Greenlaw, on behalf of Platinum.

10. Upon information and belief, Premium, at all times relevant, acted as an actual and/or apparent agent of Platinum.

11. Mr. Greenlaw incurred the Alleged Debt for his personal, family or household use.

12. On or about September 8, 2015, Defendants telephoned Mr. Greenlaw's cellular telephone at least twice, in Henry County, in an attempt to collect the Alleged Debt.

13. The same date, Defendants then phoned Mr. Greenlaw at his place of employment, in Henry County (the "Work Call").

14. During the Work Call, even though Mr. Greenlaw told Defendants' agent not to call him at work, the agent continued to try to collect the Alleged Debt, called Mr. Greenlaw a "piece of shit," threatened to garnish his wages, and demanded to be connected with his payroll department to arrange a wage garnishment.

15. During the Work Call, Defendants' agent got Mr. Greenlaw so agitated that Mr. Greenlaw lost his cool, yelled, and caused a scene while he was working, in front of other employees.

16. Upon information and belief, Defendants had no intent to actually initiate a wage garnishment.

17. Upon information and belief, Defendants had no ability to initiate a wage garnishment.

18. Mr. Greenlaw believes that the Work Call ultimately resulted in Mr. Greenlaw losing his job.

19. Upon information and belief, the calls to Mr. Greenlaw's cell phone used an automated telephone dialing system.

20. As a result of Defendants' actions, Mr. Greenlaw has suffered actual damages, including but not limited to, lost wages, significant stress, frustration, embarrassment, aggravation, and inconvenience.

### IV.  First Claim for Relief –Violations of the Fair Debt Collection Practices Act

21. Plaintiff incorporates by reference all of the above allegations.

22. Defendants' actions violated 15 U.S.C. § 1692c(a).

23. Defendants' actions violated 15 U.S.C. § 1692d and d(2).

24. Defendants' actions violated 15 U.S.C. § 1692d(2).

25. Defendants' actions violated 15 U.S.C. § 1692e, e(2), e(4), and e(5).

26. Defendants' actions violated 15 U.S.C. § 1692f.

27. As a result of Defendants' violations of the FDCPA, Mr. Greenlaw has suffered actual damages.

### V.  Second Claim for Relief – Violations of the Violations of the Telephone Consumer Protection Act ("TCPA"),  47 U.S.C. § 227

28. Plaintiff incorporates by reference all of the above allegations.

29. Mr. Greenlaw is a "person" as defined by 47 U.S.C. § 153(10).

30. Upon information and belief, Defendants' calls to Mr. Greenlaw's cell phone were made via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

31. Mr. Greenlaw did not give Defendants prior express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

32. Defendants' calls to Mr. Greenlaw violated 47 U.S.C. § 227(b)(1).

33. Defendants' calls were made knowingly or wilfully as those terms are used in 47 U.S.C. § 227(b)(3).

34.  As a direct and proximate result of Defendants' actions, Mr. Greenlaw has suffered

damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

Defendants jointly and severally for the following:

A)  Actual damages as determined by the trier of fact.

B)  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C)  Statutory or treble damages under the TCPA pursuant to 47 U.S.C. § 227(b) and 227(b)

(3)(b).

D)  Court costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

E)  Interest as allowed by law.

F)  For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury to hear and determine the issues of the

above-captioned case.

Date: October 21, 2015

Respectfully submitted,

/s/  Gregory S. Reichenbach

_____
Gregory S. Reichenbach   (Ohio Bar #0077876)
P.O. Box 256
Bluffton, OH  45817
(419) 529-8300
FAX: (419) 529-8310
Email: Greg@ReichenbachLaw.com
Attorney for Plaintiff